STROUD, Judge.
Defendant appeals his conviction for possession of a firearm by a felon. We conclude there was no error.
I. Background
On 28 May 2015, while defendant was on probation, law enforcement officers went to search defendant's home. When the officers arrived, defendant asked if he could secure his dogs before they entered; the officers agreed and defendant closed the door to his home. The officers then heard a window opening and a "clink, metal-on-metal" sound. When defendant returned to the door, he had forgotten to secure his dogs. Thereafter officers found two guns on the ground outside defendant's residence by his bedroom window; one gun was on defendant's property and the other was just beyond a fence on the neighbor's property but still "just outside" defendant's bedroom window. Defendant was the only person in the area, and his neighbor's house appeared to be entirely vacant. Defendant was indicted for possession of a firearm by a felon and attaining the status of habitual felon, found guilty by a jury of both charges, and sentenced by the trial court. Defendant appeals.
II. Substitution of Counsel
Defendant first contends the trial court abused its discretion by not substituting his counsel. We use "an abuse of discretion standard to determine whether the trial court erred in denying a motion to have defense counsel removed. Abuse of discretion occurs when the trial court's ruling is manifestly unsupported by reason." State v. Jones , 357 N.C. 409, 413, 584 S.E.2d 751, 754 (2003) (citations and quotation marks omitted).
[W]hen faced with a claim of conflict and a request for appointment of substitute counsel, the trial court must satisfy itself only that present counsel is able to render competent assistance and that the nature or degree of the conflict is not such as to render that assistance ineffective. The United States Constitution requires no more.
State v. Thacker , 301 N.C. 348, 353, 271 S.E.2d 252, 256 (1980).
Defendant directs this Court to times he "raised the issue of wanting new counsel" with the trial court due to "irreconcilable conflicts and a complete breakdown in communication[.]" (Original in all caps.) Defendant's problems with his counsel occurred before and during his trial, but the substance of defendant's complaints was essentially the same during each of his many exchanges with the trial court. Defendant's complaints were all similar to two which we will describe. First, at a 3 March 2016 hearing for defendant to reject his plea, defendant said he did not believe his attorney was representing him to the best of his ability and his attorney would not provide him with information about the case. After speaking with defendant, the trial court then explained,
You were on probation. They did a normal search that they do when people are on probation. They came over to your house and they found guns at your house. That's the evidence against you. He can't tell you anymore that's going on. That's what the evidence is in the case.
What do you think-what is he supposed to be doing?
What is he not doing that you think-you think he's going to be able to go and talk to those probation officers and tell them to change their statement?
They're not going to do that.
What do you think is going to happen?
Defendant raised no further issues at the hearing on that day.
Second, on the day of defendant's trial, before the trial began defendant again expressed dissatisfaction with his attorney noting he was not representing him "to the best of his ability" because he was not familiar enough with the case. The trial court then took a recess for defendant and his counsel to "see if [they could] work out any differences[.]" After the recess defendant again expressed discontent, but then stated, "I'm willing to proceed, Your Honor." The trial court then asked defendant directly, "Okay. So, you resolved your conflict with your attorney and you're ready to proceed?" to which defendant responded, "Yes, sir." Defendant then expressed that he would like a new attorney, to which the trial court responded,
Then the court finds, to the extent there is a motion to fire his attorney at this point, I find it to be meritless. He-any question he's had the court has answered easily within just a few seconds. He understands he now can work with his attorney simply because-the court knows the defendant's entitled to be represented by an attorney, but it's not an attorney of his choice. There has been nothing that has been brought forward that would rise to the level of some type of conflict that would require Mr. Michael to be removed.
In fact, the court finds Mr. Pegues just told the court that he can work with his attorney and Mr. Michael said the same thing of Mr. Pegues.
So, to the extent the defendant is now saying he's not withdrawing his motion, I find it to be meritless. It is denied at this point. It is only delaying the trial.
We conclude that the trial court properly satisfied "itself ... that present counsel is able to render competent assistance and that the nature or degree of the conflict is not such as to render that assistance ineffective." Id. We discern no abuse of discretion. This argument is overruled.
III. Ineffective Assistance of Counsel
Defendant next contends his trial counsel provided ineffective assistance of counsel where he introduced a portion of defendant's statement to law enforcement that had been suppressed.
To successfully assert an ineffective assistance of counsel claim, defendant must satisfy a two-prong test. First, he must show that counsel's performance fell below an objective standard of reasonableness. Second, once defendant satisfies the first prong, he must show that the error committed was so serious that a reasonable probability exists that the trial result would have been different absent the error.
State v. Blakeney , 352 N.C. 287, 307-08, 531 S.E.2d 799, 814-15 (2000) (citations omitted).
Defendant notes that "[w]hile reading from the report, defense couns[e]l inadvertently read aloud ... [his] suppressed statement allegedly admitting to throwing the gun out of the window." But even if defendant's attorney erred in reading the statement, defendant has failed to "show that the error committed was so serious that a reasonable probability exists that the trial result would have been different absent the error." Id. The evidence showed that the officers heard the window opening followed by the clink of metal, and defendant was the only individual present who could have placed the guns outside of the window. This argument is overruled.
IV. Capacity to Stand Trial
Last, defendant argues "the trial court's inquiry into ... [his] capacity to proceed at trial was constitutionally inadequate and its findings were unsupported by competent evidence." (Original in all caps.)
The test of a defendant's mental capacity to proceed to trial is whether he has, at the time of trial, the mental capacity to comprehend his position, to understand the nature and object of the proceedings against him, to conduct his defense in a rational manner, and to cooperate with his counsel to the end that any available defense may be interposed. The issue may be determined by the trial court with or without the aid of the jury. When the trial judge, as here, conducts the inquiry without a jury, the court's findings of fact, if supported by competent evidence, are conclusive on appeal.
State v. Clark , 300 N.C. 116, 122-23, 265 S.E.2d 204, 208 (1980) (citations omitted); see also N.C. Gen. Stat. § 15A-1002 (2015).
Defendant does not directly challenge the findings of fact, but seems to contend the trial court should have simply done more, such as ordering further evaluation of defendant's capacity and mental health history and questioning defendant directly about his mental status. Defendant notes his in-court outbursts, arguments with his attorney, and suicide attempts as evidence of his mental instability. But the trial court interpreted defendant's actions differently than defendant would have liked and explained in the findings why it concluded that defendant was competent.
The trial court held a hearing regarding defendant's competency and filed a written order which includes 46 findings of fact supporting its determination that defendant was competent to stand trial. Again, defendant has not identified any particular finding which he contends is unsupported by the evidence. The trial court found it had "extensive" communication with defendant due to his issues with his attorney, and defendant was able to appropriately address the situation. The trial court also found defendant was "able to understand the nature and object of the proceedings against him, to conduct his defense and assist in his defense in a rational manner[,]" but upon being convicted of the charge for possession of a firearm by a felon defendant became difficult when the jury was not present: "Defendant wanted to be found not guilty in the first phase of the trial, and when he did not get what he wanted, he started acting out by being disrespectful, disruptive, and combative with the Court."
On defendant's suicide "attempts," the trial court found defendant jumped "from the second floor to the first floor" in the jail with a sheet around his neck but that it was "wrapped loosely" and afterward defendant "calmly [walked] back up the stairs" with "no injury or bruising" on his neck. On an attempt regarding "drink[ing] cleaning fluid," the trial court found defendant "acted like he was" but "did not, and did not in truth intend to consume any cleaning fluid." The trial court considered the evidence and determined defendant had not attempted suicide but "did attempt to delay this trial[.]" The trial court made findings regarding defendant's cooperation with detention officers, but that defendant "calmly, clearly and intentionally declared that 'plan B is about to get started fellas.' " The trial court found defendant was "attempt [ing] to delay" the trial. The trial court then found:
43. Defendant is able to understand the nature and object of the proceedings against him.
44. Defendant adequately understands the nature and object of the proceedings against him.
45. Defendant comprehends his own situation in reference to the proceedings.
46. Defendant is able to adequately assist in his defense in a rational and reasonable manner, if he chooses to do so.
The trial court did not err in determining defendant was competent to stand trial. This argument is overruled.
V. Conclusion
We conclude there was no error.
NO ERROR.
Report per Rule 30(e).
Judges ELMORE and TYSON concur.